Arthur Petrousian, Esq. (CA Bar No. 270358)
Email: apetrousian@forthepeople.com
Gregory R. Schmitz, Esq. - *Pro Hac* Vice forthcoming
Ryan D. Naso, Esq. – *Pro Hac* Vice forthcoming

MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Tel: (407) 418-2042
Fax: (407) 245-3354
Attorney for Plaintiffs, Anthony Assi et al.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ASSI, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAKE MORTGAGE CORPORATION d/b/a MILLENNIAL HOME LENDING, a California Corporation,<br><br>Defendant. | CASE NO.<br><br>District Judge:<br>Magistrate Judge:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiff, ANTHONY ASSI ("Plaintiff") bring this action individually and on behalf of all current and former mortgage loan officers (hereinafter "MLOs" or "Plaintiff and the Putative Collective Members") who worked for CAKE MORTGAGE CORPORATION, d/b/a MILLENNIAL HOME LENDING, (hereinafter "Defendant") in California, to recover overtime compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b) and California Labor Code, California Business & Professionals Code § 17200, et. Seq.

**I.**

## OVERVIEW

1.      This is a putative collective and class action pursuant to the FLSA, 29 U.S.C. §§ 201–19, the California Business & Professionals Code § 17200, and California Labor Code to recover unpaid overtime wages and other applicable penalties.

2.      Plaintiff, the Putative Collective Members and California Class are those similarly situated persons who worked for Defendant in California, at any time from at least September 19, 2018, through the final disposition of this matter, and were not paid the correct amount of overtime compensation in violation of federal law.

3.      Plaintiff and the Putative Collective Members allege that Defendant failed to pay the proper amount of overtime compensation in accordance with the FLSA. Defendant's specific violations are described as follows.

4.      Defendant violated the FLSA and the California Labor Code by failing to pay Plaintiff, the Putative Collective Members and California Class proper overtime compensation due by reason of failing overtime compensation.

5.      Defendant's decision not to pay Plaintiff, the Putative Collective Members and California Class additional overtime compensation owed was neither reasonable nor in good faith.

6.      Defendant knowingly and deliberately failed to pay Plaintiff, the Putative Collective Members and California Class the additional overtime compensation owed.

7.      Plaintiff and the California Class were also required to work through their legally mandated meal and rest breaks.

8.      Plaintiff, the Putative Collective Members and California Class were paid an hourly rate and therefore do not meet the definition of an exempt employee under the FLSA or California Labor Code.

9.      Plaintiff, the Putative Collective Members and California Class therefore seek to recover all unpaid overtime compensation and other damages owed under the FLSA as a collective and class action pursuant to 29 U.S.C. § 216(b) and California Labor Code.

10.     Plaintiff and the California Class also seek one (1) hour of compensation at their regular hourly rate for each meal period not provided and one (1) hour of compensation for each day that the requisite rest periods were not permitted in penalty wages pursuant to Labor Code §226.7.

11.     Plaintiff prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

12.     Plaintiff, Anthony Assi ("Assi"), worked out of Defendant's Los Angeles, California office as Mortgage Loan Officers during the relevant time period. Plaintiff's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

13.     The Putative Collective Members and California Class represent Defendant's non-exempt current and former Mortgage Loan Officers throughout California who performed the same or similar work as Plaintiff and were subjected to the same or similar payment policies as Plaintiff within the four (4) years preceding the filing of the complaint in this action.

14.     Defendant is a California corporation, licensed to and doing business in the State of California.

## III.
## JURISDICTION AND VENUE

15.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA"), the California Business & Professionals Code § 17200, *et. seq.,* and California Labor Code to recover unpaid back wages,

an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

16.     This Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

17.     In addition, this Court has supplemental jurisdiction over Plaintiff's state wage and hour claims under 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts.

18.     Venue is proper in this judicial district given a substantial part of the events or omissions giving rise to this claim occurred in Los Angeles County, California

**IV.**
**STATEMENT OF FACTS**

**A.    DEFENDANT'S OPERATIONS**

19.     Defendant is one of the top direct mortgage lenders in California and the Country.

20.     Defendant is incorporated in California but conducts business in forty-two (42) other states.

**B.    PLAINTIFF AND THE PUTATIVE COLLECTIVE MEMBERS AND CALIFORNIA CLASS ARE (OR WERE) MORTGAGE LOAN OFFICERS**

21.     Plaintiff, the Putative Collective Members and California Class are (or were) non-exempt Mortgage Loan Officers ("MLOs") employed by Defendant within the four (4) years preceding the filing of the complaint in this action.

22.     Importantly, none of the FLSA or California Labor Code exemptions relieving a covered employer (such as Defendant) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members or California Class.

23.     Moreover, Plaintiff, the Putative Collective Members and California Class are similarly situated with respect to their job duties, and as set forth below, their pay structure, and the pay practices of Defendant that resulted in the complained of FLSA and California Labor Code violations.

24.    Plaintiff, the Putative Collective Members and California Class are (or were) employed within the meaning of the FLSA and the California Labor Code.

25.    Plaintiff and California Class regularly worked more than 8 hours in a day and 40 hours a week.

26.    Plaintiff and the California Class often worked more than 12 hours in a single day, and sometimes worked 7 days a week.

27.    Plaintiff and the California Class were also required to work through their legally mandated meal and rest breaks.

## C.    DEFENDANT'S PRACTICE OF FAILING TO PAY MLOs AT LEAST TIME AND ONE-HALF THEIR REGULAR RATE OF PAY FOR ALL OVERTIME HOURS WORKED

28.    Defendant paid its MLOs an hourly rate ("hourly compensation").

29.    MLOs are also entitled to "loan commissions."

30.    Defendant did not pay additional compensation for each week during the period in which the MLO worked in excess of forty (40) hours.

31.    As a result, MLOs who received a monthly commission payment and worked more than forty (40) hours in a given week during the relevant period were not paid at least time and one-half their regular rate of pay for all overtime hours worked as required by the FLSA and California Labor Code.

32.    Defendant knew or should have known that it was miscalculating Plaintiff, the Putative Collective Members' and California Class' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff, the Putative Collective Members and California Class in violation of the FLSA and California Labor Code.

33.    Defendant knew or should have known that its failure to pay the correct amount of overtime to Plaintiff, the Putative Collective Members and California Class would cause, did cause, and continues to cause financial injury to Plaintiff, the Putative Collective Members and California Class.

34.     Defendant's actions therefore constitute willful violations under the FLSA and were not made in good faith.

35.     Moreover, despite knowing Plaintiff and California Class regularly worked more than 8 hours (and often 12 hours) in a day, and more than 40 hours in a week, Defendant never paid proper overtime.  Instead, Defendant paid Plaintiff the same hourly rate for all hours worked, including those in excess of 8 (and 12) in a day.

36.     This scheme violates California's requirement that hours worked in excess of 12 in a day, or after 8 on the 7th consecutive day of work, be paid at double time.  Cal. Labor Code. §510.

**V.**
**CAUSE OF ACTION –**

**A.     FLSA COVERAGE**

37.     Paragraphs one (1) through thirty-six (36) are incorporated as though fully set forth herein.

38.     The Collective is defined as:

**ALL MORTGAGE LOAN OFFICERS EMPLOYED BY CAKE MORTGAGE CORPORATION, d/b/a MILLENNIAL HOME LENDING, ANYWHERE IN CALIFORNIA, AT ANY TIME FROM SEPTEMBER 19, 2018, THROUGH THE FINAL DISPOSITION OF THIS MATTER, WHO WORKED MORE THAN FORTY (40) HOURS IN ANY GIVEN WEEK AND RECEIVED COMMISSIONS ("FLSA Collective" or "FLSA Collective Members").**

39.     At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

40.     At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Defendant has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

41.     Specifically, Defendant purchases materials that have been moved in commerce and conducts transactions through commerce, including the use of phones and/or cell phones, electronic mail and the Internet.

42.    At all material times, Plaintiff and the FLSA Collective Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

43.    At all material times, Defendant has had (and continues to have) an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

**B.    FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

44.    Defendant violated the FLSA, 29 U.S.C. § 207 by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

45.    Defendant knew or should have known its pay practices were in violation of the FLSA.

46.    Defendant is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

47.    The decision and practice by Defendant to cause and/or require Plaintiff and the Putative Collective Members to perform work in excess of forty (40) hours per week at less than one and one-half times their regular rate of pay was neither reasonable nor in good faith.

48.    Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) hours in each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    MEAL AND REST BREAK ALLEGATIONS**

49.    Defendant knew or should have known that Plaintiff and the California Class were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours, and that any failure to do so requires Defendant to pay Plaintiff and the California Class members one (1) hour

of wages per day for untimely, missed or interrupted on-duty meal periods.

50.     Defendant knew or should have known that Plaintiff and the California Class were entitled to ten (10) minutes rest breaks for each shift of four (4) hours, and that any failure to do so requires Defendant to pay Plaintiff and the California Class one (1) hour of wages per day for missed on-duty rest breaks.

51.     Defendant further intentionally violated the FLSA, and other applicable State laws herein alleged by unlawfully required and demanding Plaintiff and the California Class to continue working during their duty-free meal periods without taking any breaks during full eleven-hour workdays.

52.     Defendant's practice of requiring Plaintiff and the California Class to work without meal or rest breaks is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements, regulations and the FLSA.

53.     Defendant required and caused its non-exempt employees to work eleven-hour days without meal or rest breaks.  Plaintiff and the California Class are entitled to back wages to compensate them retroactively for all meal and rest break periods of which they were deprived during the class period, plus all penalties, in addition to one hour's compensation for each meal or rest break missed as prescribed by I.W.C. Wage Order 5-2001.

**D.      COLLECTIVE ACTION ALLEGATIONS**

54.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

55.     Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

56.     The FLSA Collective Members are defined in Paragraph 29.

Collective Action Complaint

57.     Defendant's systematic failure to pay overtime compensation for all overtime hours worked at the rates required by the FLSA results from generally applicable policies and practices and does not depend on the personal circumstances of the Collective Members.

58.     Thus, Plaintiff's experiences are typical of the experiences of the Collective Members.

59.     The specific job titles or precise job requirements of the various Collective Members does not prevent collective treatment.

60.     All of the Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

61.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Collective Members are non-exempt Mortgage Loan Officers entitled to be paid the proper amount of overtime compensation for all hours worked over forty (40) in a workweek.

62.     Defendant has employed (and continues to employ) approximately fifty (50) MLOs throughout California during the past three years.

63.     Absent a collective action, many members of the proposed collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its blatant violation.

64.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective and provide for judicial consistency.

65.     Accordingly, the Collective of similarly situated plaintiff should be certified as defined in Paragraph 29 and notice should be promptly sent.

**E.    Class Action Allegations**

66.     Plaintiff incorporate the preceding paragraphs by reference.

67. Plaintiff bring their state law claims on behalf of themselves and other similarly situated workers employed in California. The "California Class" Plaintiffs seek to represent as defined as:

**All hourly workers that Defendant did not pay proper rates for hours worked in California in excess of 8 hours in a day and/or 40 in a week during the period from four years prior to the filing of the Complaint to the present.**

68. <u>Numerosity</u>: Plaintiff worked with numerous other members of the California Class. Defendant employed more than 25 California Class members in the past 3 years, and close to 50 California Class Members in the past 4 years.

69. <u>Commonality</u>: Plaintiff and the California Class' claims share numerous common questions of law and fact. Common questions presented in this case include:

    i. Whether Defendant's overtime policy violates California Labor Code;

    ii. Whether Defendant's overtime policy violates the FLSA;

    iii. Whether Defendant employed workers within the meaning of the FLSA;

    iv. Whether Defendant employed workers within the meaning of the California Labor Code; and

    v. Whether Defendant violated the California Competition Law by violating the FLSA and/or the California Labor Code.

70. Each of these questions can be resolved based on common evidence, and the resolution of these questions will materially advance, if not entirely dispose of, this case.

71. <u>Typicality</u>: Plaintiff's claims are typical of the other members of the California Class, like Plaintiff, the California Class was paid according to the same overtime scheme for hours worked in excess of 8 in a day and/or 40 in a week. Because of the failure to pay overtime resulted from commonly applied practice or policy of treating hourly workers as if they were exempt from the requirements of state and federal wage and hour laws.

72.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the California Class. He has no material conflicts with the California Class, all of whom seek the same type of remedies flowing from the same violations of law.  He also has retained counsel with significant experience in litigating wage and hour cases on a class basis.

73.    <u>Predominance</u>: Plaintiff and the California Class were denied wages based on commonly applicable policies and practices.  The question of whether Defendant violated the law by paying improper overtime compensation predominates over any individual questions. Once the common liability questions are resolved, the damages owed to each member, for each claim, can be readily calculated based on Defendant's own records.

74.    <u>Superiority</u>: A class action is the superior method for a fair and efficient adjudication of this matter.  Plaintiff's and the California Class' claims all arise from the same common practices and policies, particularly the policy of paying improper overtime compensation.  Thus, it is far more efficient, and fair, to determine the legality of this issue on a single stroke (after appropriate notice to all potentially interested parties). Finally, Defendant's records allow for a ready calculation of damages owed to each class member.  Thus, a class action can resolve virtually all, if not all, issues related to the California Class' claims.

**I. First Cause of Action—Failure to Pay Overtime (FLSA)[1]**

75.    Plaintiff and the Putative Collective Members incorporates the preceding paragraphs by reference.

76.    Defendant violated the FLSA by employing Plaintiff and the Putative Collective Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without properly paying overtime at rates no less than 1

---

[1] Plaintiff filed a PAGA Notice with the California Labor and Workforce Development Agency. If the Agency decides to not pursue the claim on its own, Plaintiff will amend his complaint to include a claim for violation of the Private Attorneys General Act.

Collective Action Complaint

and 1/2 the regular rates for which they were employed.

77.     Defendant knowingly, willfully or in reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. Defendant's decision to deny Plaintiff and the Putative Collective Members Class proper overtime compensation was neither reasonable, nor made in good faith. Accordingly, Plaintiff and the Putative Collective Members are entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs.

### II. Second Cause of Action—
### Failure to Pay Overtime (California Labor Code § 510)

78.     Defendant denied Plaintiff and the California Class proper overtime wages. Defendant required Plaintiff and the California Class to work more than 8 and/or 12 hours in a day, and/or 40 hours in a week, in California, without paying them proper overtime as required by the California Labor Code.

79.     By failing to pay proper overtime to Plaintiff and the California Class , Defendant violated the California Labor Code and the provisions of the applicable I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

80.     As a result of Defendant's unlawful acts, Plaintiff and the California Class have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### III. Third Cause of Action—
### Failure To Pay Final Wages

81.     California Labor Code § 201 requires an employer who discharges an employee to pay all unpaid wages owed to that employee immediately.

82.     California Labor Code § 202 requires an employer to pay all wages owed to an employee within 72 hours of that employee's resignation.

83.     Under California Labor Code § 203, an employer willfully failing to pay all wages due upon separation from employment is liable for continued wages for each day payment in full is not made, up to

Collective Action Complaint

30 days.

84.     Defendant willfully failed to timely pay wages, including overtime, owed to Plaintiff and the California Class after their employment terminated. As a result, Defendant is liable to Plaintiff and the California Class 30 days additional wages.

**IV. Fourth Cause of Action—**
**Failure to Provide Meal / Rest Breaks**
**Violation of Labor Code § 226.7**

85.     Plaintiff and the California Class incorporate the preceding paragraphs by reference.

86.     Plaintiff and the California Class were regularly required to continue working through their meal and rest breaks, in violation of Labor Code §26.7 and the Wage Order.

87.     Defendant further intentionally violated the FLSA and State laws by unlawfully requiring Plaintiff and the California Class continue to work during their duty-free meal periods without taking any breaks during full eleven-hour workdays.

88.     Defendant's practice of requiring Plaintiff and the California Class to work without meal or rest breaks is in violation of the Industrial Welfare Commission's wage order, the California Labor Code, and relevant laws, rules, orders, requirements and regulations.

89.     Accordingly, Plaintiff and the California Class are entitled to one (1) hour of compensation at their regular hourly rate for each meal period not provided and one (1) hour of compensation for each day that the requisite rest periods were not permitted in penalty wages pursuant to Labor Code §226.7, in an amount to be provide at the time of trial.

**V. Fifth Cause of Action—**
**Unfair Business practices**
**Violation of B & P Code § 17200, et seq.**

90.     Plaintiff and the California Class incorporate the preceding paragraphs by reference.

91.     Defendant's violations of California labor laws and wage orders, set forth above, constitute business practices because the violations were and are done repeatedly over a significant period of time

and in a systematic manner.

92.     Violation of B&P Code § 17200, *et seq.,* may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of B&P Code § 17200, *et seq.*

## Failing to Pay Proper Overtime

93.     Defendant's failure to pay proper overtime compensation in accordance with the Labor Code, FLSA and Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by B&P § 17200, *et seq.*

## Failing to Provide Meal and Rest Periods

94.     Defendant's failure to provide legally required meal periods in violation of the Labor Code and Wage Order, as alleged above, constitutes unlawful and/or unfair activity prohibited by B&P § 17200, *et seq.*

## Failing to Timely Pay Wages Upon Termination

95.     Defendant's failure to timely pay wages upon termination in accordance with Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by B&P § 17200, *et seq.*

96.     Defendant's actions in violation of California labor laws and wage orders constitute unfair competition and disadvantages over Defendant's competitors, and unfair, deceptive and unlawful business practices under B&P B&P § 17200, *et seq.* Said actions of Defendant have deprived and continue to deprive Plaintiff and the California Class and other members of the general public, of the minimum working standards and conditions due to them under the California employment laws and the Wage Order as specifically described herein.

97.     Plaintiff and the California Class and other situated members of the general public, seek

full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendant by means of the unfair practices complained of herein.  Plaintiff seeks on his own behalf, on behalf of the California Class, and on behalf of the general public, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the four (4) years preceding the filing of the complaint in this action.

### Prayer for Relief

WHEREFORE, Plaintiff, on behalf of himself and the Putative Collective Members, prays for relief as follows:

1. Conditional certification of this case as a collective action;

2. Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

3. Judgment finding Plaintiff and those similarly situated to be non-exempt employees under the FLSA;

4. Judgment finding Defendant violated the overtime provisions of the FLSA;

5. Judgment finding Defendant's violations of the FLSA were willful;

6. Judgment awarding all unpaid overtime wages owed under the FLSA;

7. Judgment awarding an amount equal all unpaid wages as liquidated damages;

8. Judgment awarding reasonable attorney's fees and costs;

9. Judgment awarding pre- and post-judgment interest at the highest rates allowed by law;

10. Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just.

WHEREFORE, Plaintiff, on behalf of himself and all members of the California Class, prays for relief as follows:

1. Judgment awarding all unpaid overtime wages, other due wages, and injunctive relief under California law;

Collective Action Complaint

15

2.  Certification of this case as a class action pursuant to Fed. R. Civ. Pro. 23;

3.  Designation of Plaintiff as the representative of the California Class, and his counsel of record as Class Counsel;

4.  Judgment awarding appropriate equitable relief to remedy Defendant's violations of law;

5.  Judgment awarding appropriate statutory penalties;

6.  Judgment awarding all damages, liquidated damages, and restitution shown to be owed by Defendant;

7.  Judgment awarding attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor §§ 1194 & Cal. Code of Civil Procedure § 1021.5;

8.  Judgment awarding pre- and post-judgment interest at the highest rates allowed by law;

9.  Judgment for such other and further relief, in law or equity, as this Court deems appropriate and just Plaintiff demand trial by jury on all issues so triable.

Dated:  September 20, 2022

Respectfully submitted,

/s/ *Arthur Petrousian*
Arthur Petrousian, Esq.
CA Bar No. 270358
Morgan & Morgan, P.A.
633 West Fifth Street, Suite 2652
Los Angeles, CA 90071
Telephone: (213) 787-8590
E-mail: apetrousian@forthepeople.com

Gregory R. Schmitz, Esq. - *Pro Hac* Vice forthcoming
Ryan D. Naso, Esq. - *Pro Hac* Vice forthcoming
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 204-2170
Fax: (407) 563-9996
E-mail: gschmitz@forthepeople.com
rnaso@forthepeople.com
mbarreiro@forthepeople.com

1

## **CERTIFICATE OF SERVICE**

2

3

I hereby certify that on September 20, 2022, I electronically filed the following document with the Clerk of Court by the CM/ECF system.

4

## **COLLECTIVE ACTION COMPLAINT**

5

6

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

7

8

**MORGAN & MORGAN, P.A.**

9

By: */s/ Arthur Petrousian*
      Arthur Petrousian, Esq.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Collective Action Complaint

17